IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-02216-KLM

ELIZABETH D. SATRIANO,

    Plaintiff,

v.

COUNTRYWIDE HOME LOANS, INC., a New York corporation, and all unknown persons who claim any interest in the subject matter of this action,

    Defendant.

_____

**ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Defendant's **Motion to Dismiss Plaintiff's Complaint Pursuant to Federal Rule of Civil Procedure 12(b)(6)** [#14][1] (the "Motion"). Plaintiff filed a Response [#18] in opposition to the Motion, and Defendant filed a Reply [#22]. The Court has reviewed the Motion, the Response, the Reply, the entire case file, and the applicable law and is sufficiently advised in the premises.[2] For the reasons set forth below, the Motion [#14] is **DENIED.**

---

    [1] "[#14]" is an example of the convention the Court uses to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF). This convention is used throughout this Order.

    [2] The case has been referred to the undersigned for all purposes [#21] pursuant to the Courts Pilot Program and 28 U.S.C. § 636(c), upon consent of the parties [#17].

## I. Summary of the Case

In short, Plaintiff seeks to quiet title to real property consisting of Condominium Unit No. 6452, Building No. 5, the French Quarter Condominiums, located at 6452 East Mississippi Avenue, Denver, Colorado 80224 (the "Property"). *Compl.* [#4] at 2. Plaintiff initially filed suit in state court on July 8, 2014. *Id.* at 1; *Notice of Removal* [#1] at 1. Defendant removed the case based on diversity jurisdiction pursuant to 28 U.S.C. § 1332. *Id.* at 2.

On March 29, 2006, Ross Tefft ("Tefft") became the record title owner of the Property pursuant to a Correction Deed, which was recorded on April 18, 2006. *Compl.* [#4] at 2. On March 31, 2006, Mr. Tefft executed a Deed of Trust for the benefit of Mortgage Electronic Registration Systems, Inc. ("MERS"), as a nominee for Universal Lending Corporation ("Universal"), securing the payment of a promissory note in the amount of $162,585.00. *Id.* The Deed of Trust was recorded on April 18, 2006. *Id.* On April 18, 2007, the District Court for the City and County of Denver, Colorado entered a Judgment and Decree for Judicial Foreclosure (the "Order") in civil action 2006 CV 12134, *French Quarter Association v. Ross Tefft, Mortgage Electronic Registration Systems, Inc., Universal Lending Corporation, and Wayne E. Vaden as the Public Trustee of Denver County, Colorado* (the "Civil Action"). *Id.* The Order directed that the Property be sold at public auction by the Sheriff of Denver County, Colorado, and pursuant to the Order, the Sheriff sold the Property at public auction on June 14, 2007, to Dutch Park, LLC and Webster Lending, LLC. *Id.* A Sheriff's Deed conveying the Property from the Sheriff to Dutch Park, LLC and Webster Lending, LLC was executed on August 29, 2007, and recorded on August 30, 2007. *Id.* On November 21, 2007, Dutch Park, LLC and Webster

Lending, LLC conveyed the Property to Plaintiff pursuant to a Special Warranty Deed, recorded January 3, 2008. *Id.*

On September 27, 2007, Defendant, as a successor beneficiary to MERS and Universal under the Deed of Trust, commenced a foreclosure under the Deed of Trust pursuant to a Notice of Election and Demand for Sale, which was recorded on October 12, 2007. *Id.* at 3. On January 2, 2008, the Public Trustee for Denver County, Colorado completed a Public Trustee's Certificate of Purchase evidencing the sale of the Property at public auction to Defendant pursuant to the foreclosure of the Deed of Trust, which was recorded on January 3, 2008. *Id.* On December 12, 2011, the Public Trustee executed a Public Trustee's Deed conveying the property to Defendant, recorded on December 12, 2011. *Id.*

Plaintiff alleges that "any interest of MERS and/or Universal in the Property pursuant to the Deed of Trust was extinguished by the [Order] in the Civil Action and [Defendant] had no interest in the Property at the time it commenced the foreclosure under the Deed of Trust." *Id.* Plaintiff alleges also that the real property records "should reflect Plaintiff as the record title owner of the Property" and requests an order of this Court quieting title to the Property in Plaintiff's name. *Id.*

In the Motion, Defendant argues that Plaintiff's claim fails "because the chain of events that led to her alleged purchase of the property is based on an erroneous order and decree regarding a prior foreclosure." [#14] at 1. Defendant also argues that the claim fails because, when Plaintiff recorded her Deed of Trust regarding her alleged purchase on January 3, 2008, "she had constructive notice that [Defendant] was foreclosing and the property was scheduled to be sold on January 2, 2008," and that she also had inquiry

-3-

notice that the Order which led to her purchase of the property was erroneous. *Id.* at 1-2. Defendant argues that Plaintiff seeks to have this Court enforce an erroneous Order. *Id.* at 5-6.

Defendant argues that the Order entered in 2007 in the Civil Action was erroneous because the court's decision was contrary to the plain language of the governing statute, Colo. Rev. Stat. § 38-33.3-316(2)(b)(1). *Id.* at 6. Defendant argues that instead of "issuing an order that reflected that the super-priority lien of the homeowner's association had priority over the lien reflected in the 2006 Deed of Trust only in the amount of six months of fees, the court's [Order] allowed the association's lien to take complete priority over and wipe out the lien reflected in the 2006 Deed of Trust." *Id.* Defendant argues that this is improper under Colo. Rev. Stat. § 38-33.3-316(2)(b)(1) and that the Order is erroneous. *Id.*

Defendant further argues that "Plaintiff had notice of the foreclosure pursuant to the 2006 Deed of Trust and the erroneous [O]rder," because when Plaintiff "recorded the 2008 deed of trust purportedly documenting she owned the property, documents in the public record . . . put her on constructive notice that [Defendant] had foreclosed pursuant to the 2006 Deed of Trust and on inquiry notice that her purchase was pursuant to the erroneous 2007 [O]rder." *Id.* at 6-7.

In the Response, Plaintiff argues that the Order in the Civil Action for foreclosure must be upheld because Defendant's Motion is "in essence, a collateral attack on the validity of the [Order]." [#18] at 5. Plaintiff argues that even if the 2007 judgment and the Order of the court in the Civil Action were erroneous, they are only subject to direct attack through a new trial procedure or review by an appellate court and are not vulnerable to a

collateral attack. *Id.* Plaintiff argues that Defendant's predecessor took no steps to challenge the Order entered in 2007 in the Civil Action, and that Defendant may not now petition this Court "as a substitute for an appeal [Defendant]'s predecessor and nominee timely failed to pursue." *Id.* at 6. Additionally, Plaintiff argues that the 2007 Order from the Civil Action was not erroneous because the mechanism through which the HOA collected assessments holding super priority lien status (i.e., the Civil Action) "necessitated the extinguishment of [Defendant]'s and its predecessor's and nominee's interest in the Property through the foreclosure process." *Id.* at 9.

In the Reply, Defendant argues that Plaintiff effectively conceded notice of the foreclosure pursuant to the 2006 Deed of Trust and the "erroneous [O]rder," and again argues that "Plaintiff is seeking to enforce an erroneous order and decree." [#22] at 2-3. Defendant did not respond to Plaintiff's argument regarding Defendant's inability to collaterally attack the 2007 Order. *See id.*

## II. Standard of Review

The Rule 12(b)(6) standard tests "the sufficiency of the allegations within the four corners of the complaint after taking those allegations as true." *Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994). To survive a Rule 12(b)(6) motion, "[t]he complaint must plead sufficient facts, taken as true, to provide 'plausible grounds' that discovery will reveal evidence to support plaintiff's allegations." *Shero v. City of Grove, Okla.*, 510 F.3d 1196, 1200 (10th Cir. 2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[P]lausibility refers to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiff[ ][has] not nudged [his] claims across the line from conceivable to plausible." *Khalik v. United Air*

*Lines*, 671 F.3d 1188, 1191 (10th Cir. 2012) (internal quotations and citations omitted).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the alleged misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). However, "[a] pleading that offers 'labels and conclusions' or a formulaic recitation of the elements of a cause of action will not do. Nor does the complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (citation omitted). That said, "[s]pecific facts are not necessary[. Instead,] the statement need only give the defendant[s] fair notice of what the ... claim is and the grounds upon which it rests[, and is not required to] include all facts necessary to carry the plaintiff's burden." *Khalik*, 671 F.3d at 1192.

"The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (citation omitted). As the Tenth Circuit has explained, "the mere metaphysical possibility that some plaintiff could prove some set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that this plaintiff has a reasonable likelihood of mustering factual support for these claims." *Ridge at Red Hawk, LLC v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Iqbal*, 556 U.S. at 678 (citation omitted).

### III. Analysis

**A.    The Validity of the 2007 Order**

Colorado courts recognize that judgments entered by a court may be "irregular, erroneous, or void." *Davidson Chevrolet, Inc. v. City & Cnty. of Denver,* 138 Colo. 171, 174

(1958). An irregular judgment is one rendered contrary to the method of procedure and practice allowed by the law in some material respect. *Id.* An erroneous judgment is one rendered in accordance with the method of procedure and practice allowed by the law, but contrary to the law. *Id.* at 174- 175. "Irregular and erroneous judgments necessarily retain their force and have effect until modified by the trial court . . . or until vacated pursuant to new trial procedures . . . or until reversed by an appellate court in review proceedings. Such judgments are subject only to direct attack; they are not vulnerable to collateral assault." *Id.* at 175 (internal citation omitted). "A void judgment is . . . devoid of any potency because of jurisdictional defects only, in the court rendering it. Defect of jurisdiction may relate to a party or parties, the subject matter, [or] the cause of action . . . . Being naught, it may be attacked directly or collaterally at any time." *Id.*

Colorado courts have recognized that the rationale for the rule barring a collateral attack on a judgment where the court had subject matter jurisdiction over the case relates to the importance of finality of judgments. *E.J.R. v. Dist. Court, Cnty. of Boulder,* 892 P. 2d 222, 226 (Colo. 1995). "We have long recognized that a definite public interest exists in the assured final adjudication of controversies and conclusiveness of judgments." *Id.* In that case, permitting the district court to reverse its earlier final judgment [an order that the petitioner's criminal justice records would remain sealed] after three years would "undermine the security and validity of a judicial decision which determined rights with notice and the opportunity to object and later appeal." *Id.*

The Tenth Circuit has likewise recognized a distinction between erroneous and void judgments: "a judgment is not void merely because it is or may be erroneous." *V.T.A., Inc. V. Airco, Inc.,* 597 F. 2d 220, 224 (10th Cir. 1979) (citing *Marshall v. Bd. of Educ.,* 575 F.

-7-

2d 417, 422 (3d Cir. 1978); *Lubben v. Selective Serv. Sys. Local Bd. No. 27,* 453 F. 2d 645, 649 (1st Cir. 1972)). While it is "true that a judgment may be collaterally attacked under [Fed. R. Civ. P.] 60(b)(4) when the rendering court was powerless to enter it [for lack of jurisdiction over the parties] . . . this remedy is not available to correct mere legal error." *Airco,* 597 F. 2d at 226. Further, a federal court may not "interfere with a judgment in a state court action in which the state court had jurisdiction of the subject matter and of the parties." *Daniels v. Thomas,* 225 F. 2d 795, 797 (10th Cir. 1995). Only when "the judgment of a state court is void either because that court lacked jurisdiction [over] the subject matter or of the parties to the action, or because it entered a judgment which it had no power to enter under the law, [may] such judgment . . . be reviewed in a federal court." *Daniels*, 255 F. 2d at 797; *see also Howard v. First Nat'l Bank of Denver*, 354 F. 2d 217, 218 (10th Cir. 1965) (in a suit to set aside a Colorado state court judgment for failure to join trust beneficiaries in the state action reconveying real property, the state court judgment was not subject to review in federal court because the state court had jurisdiction over the personal action against the defendant); *see also Jenkins v. Duffy Crane & Hauling, Inc.,* No. 13-cv-00327-CMA-KLM, 2013 WL 6728892, *2-3, *3 n.3 (D. Colo. Dec. 20, 2013) (citing *Daniels,* 255 F. 2d at 797, declining to declare a Minnesota state court order void, and noting that "a party losing in state court is barred from seeking what in substance would be appellate review of the state judgment in a U.S. District Court based on the losing party's claim that the state judgment itself violates the loser's federal rights") (internal citation omitted). Accordingly, a judgment entered without jurisdiction is void and may be attacked in a collateral proceeding. *Krijger v. Rest. Assocs. of Am., Inc.,* 145 F.R.D. 116, 119 (D. Colo. 1992) (internal citation omitted). However, if a court with jurisdiction enters judgment

erroneously, that judgment is merely voidable and is binding upon the parties unless vacated by the trial court or reversed by an appellate court, and is not subject to collateral attack. *Id.*

In a similar case where parties sought to resolve the ownership and lien status of real property, the District Court for the District of Colorado declined to allow a collateral attack on the judgment of a Colorado state court. *See Hanley v. Four Corners Vacation Props., Inc.,* 349 F. Supp. 229, 230-231 (D. Colo. 1972). "The rule almost universally recognized and the rule which has long been adopted by the Colorado Supreme Court is that a judgment is not subject to collateral attack when the court had jurisdiction over the subject matter and the parties." *Id.* at 231 (citing *Ward v. Tierre,* 153 Colo. 326, 330 (1963); *Hill v. Benevolent League of Colo. Travelers Ass'n,* 133 Colo. 349, 351 (1956)). The court held that "since the State Court had jurisdiction of the parties and the subject matter of the action at the time of the entry of the judgment, the judgment is not subject to collateral attack and this action should be dismissed." *Hanley,* 349 F. Supp at 231.

Defendant concedes in the Motion that the judgment in the 2007 Order was erroneous, as opposed to void for lack of subject matter jurisdiction. [#14] at 6. "The court issuing the [2007 O]rder . . . had jurisdiction over the parties and property, however the court's decision was contrary to the plain language of C.R.S. § 38-33.3-316(2)(b)(1)." *Id.* Because Defendant plainly states that the Order was erroneous, as opposed to void, and concedes that the court issuing the Order had adequate jurisdiction, the Court here may not permit a collateral attack on the validity of the Order. *See Hanley,* 349 F. Supp. at 231; *see also Davidson,* 138 Colo. at 175. The Court cannot consider whether the District Court

for the City and County of Denver properly applied the law in the Civil Action resulting in the 2007 Order, because even if that judgment was erroneous, it is binding on the parties until vacated by a trial court or reversed by an appellate court. *See Krijger,* 145 F.R.D. at 119; *Davidson,* 138 Colo. at 175.

Further, as Plaintiff notes, Defendant does not assert that it or its predecessors in interest, MERS and Universal, took any action to directly challenge the validity of the 2007 Order when it was originally entered by the court. *See Response* [#18] at 6, 8; *see generally Motion* [#14]; *Reply* [#22]. There is no indication in the Complaint that Defendant took any steps to challenge the 2007 Order. *See* [#4] at 2-3. Plaintiff argues, and Defendant does not contradict, that "when the [Order] entered they filed no motions for post trial relief. No appeal was taken from the [Order]." *Response* [#18] at 6. Further, the Order itself provided a redemption period and a right to cure pursuant to statute. *Notice of Removal, Amended, Attachment 4* [#12-4] at 3.[3] The Order states that "upon expiration of the owner's period of redemption after the Sheriff's sale sought by Plaintiff, and without

---

[3] When considering a motion to dismiss, the Court must usually disregard facts supported by documents other than the complaint unless the Court first converts the motion to dismiss into a motion for summary judgment. *Jackson v. Integra Inc.*, 952 F.2d 1260, 1261 (10th Cir. 1991). The Court may consider documents outside of the complaint on a motion to dismiss in three instances, however. First, the Court may consider outside documents pertinent to ruling on a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1). *Pringle v. United States*, 208 F.3d 1220, 1222 (10th Cir. 2000). Second, the Court may consider outside documents subject to judicial notice, including court documents and matters of public record. *Tal v. Hogan*, 453 F.3d 1244, 1265 n.24 (10th Cir. 2006). Third, the Court may consider outside documents that are both central to the plaintiff's claims and to which the plaintiff refers in his complaint. *GFF Corp. v. Associated Wholesale Grocers*, 130 F.3d 1381, 1384 (10th Cir. 1997). The Court has examined Attachment 4 to the Notice of Removal, Amended [#12] which contains the 2007 Order filed in the Civil Action. Plaintiff refers to the Order in her Complaint [#4] and the Order is a court document entered in the docket for the Civil Action. Accordingly, it may appropriately be considered by the Court in its consideration of the Motion.

redemption therefrom pursuant to C.R.S. § 38-38-301, *et. seq.,* the interests of Defendants Ross Tefft, Mortgage Electronic Registration Systems, Inc., and Universal Lending Corporation will be null and void and extinguished thereby." *Id.* It also states that "this Court orders the Denver County Sheriff to sell at Sheriff's sale, subject to the Defendants' right to cure pursuant to C.R.S. § 38-38-104, the following described real property . . ." *Id.* It does not appear from the pleadings, and Defendant has not argued, that Defendant took advantage of either of these provisions. *See generally Compl.* [#4]; *Motion* [#14]; *Reply* [#22].

Accordingly, Defendant's first argument, that Plaintiff's claim fails because it is based on an erroneous order regarding the prior foreclosure, fails because the validity of that Order cannot be questioned by collateral attack here. *Hanley,* 349 F. Supp at 231; *see Daniels*, 255 F. 2d at 797. By alleging that the Order on which Plaintiff's deed is based is erroneous, Defendant has not shown that Plaintiff fails to state a claim for which relief may be granted. The Order issued by the state court that had jurisdiction over the parties and the subject matter of the action is not subject to collateral attack before this Court. *See Hanley,* 349 F. Supp at 231.

**B.    The Effect of Plaintiff's Alleged Notice of Defendant's Foreclosure**

Defendant also argues that Plaintiff's claim fails because she had constructive notice that Defendant was foreclosing and the Property was scheduled to be sold, and that she had inquiry notice that the Order that led to her purchase of the Property was erroneous. *Motion* [#14] at 2. However, while Defendant asserts that Plaintiff had notice of Defendant's foreclosure, Defendant does not explain the legal effect of that alleged notice

on Plaintiff's interest in the property. *See generally id.* Further, Defendant does not explain how Plaintiff's alleged notice of particular recorded documents (the 2007 Order, the Sheriff's certificate of purchase, and the Sheriff's Deed) would have put her on notice that the 2007 Order was erroneous. *Id.* at 7. The only legal authority cited by Defendant in the argument about Plaintiff's alleged notice are cases and statutes that explain what type of notice system exists in Colorado. *Id.* at 6-7. Defendant cites no legal authority to show how notice would have affected Plaintiff's property interest in this case, or how notice of particular certificates or deeds should have put her on notice that the Order on which her deed is based was allegedly erroneous. *See id.*

Defendant's reasoning on this issue is conclusory. Defendant simply alleges that Plaintiff had constructive and inquiry notice of Defendant's foreclosure sale and the allegedly erroneous Order and then requests that her claim to quiet title be dismissed on that basis. *Id.* Defendant does not explain how Plaintiff's alleged notice affected her interest in the Property. *See id.* D.C.COLO.LCivR 7.1(d) requires that "a motion involving a contested issue of law shall . . . be supported by a recitation of legal authority incorporated into the motion." A court may disregard an argument where a party cites no legal authority to support it. *Snyder v. American Kennel Club,* 402 F. App'x 397, 403 (10th Cir. 2010) (citing *Phillips v. Calhoun,* 956 F. 2d 949, 953-954 (10th Cir. 1992)). Thus, because Defendant has not explained how Plaintiff's alleged notice of Defendant's foreclosure or the allegedly erroneous 2007 Order affected Plaintiff's interest in the Property, Defendant has not shown that Plaintiff fails to state a claim on which relief may by granted.

## IV.  Conclusion

Accordingly, for the reasons stated above, the Motion [#14] is **DENIED.**

Dated:  February 25, 2015

BY THE COURT:

Kristen L. Mix
United States Magistrate Judge