IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-02216-KLM

ELIZABETH D. SATRIANO,

    Plaintiff,

v.

COUNTRYWIDE HOME LOANS, INC., a New York corporation, and all unknown persons who claim any interest in the subject matter of this action,

    Defendant.

_____

**ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Plaintiff's **Motion for Judgment by Default** [#29][1] (the "Motion"). In the Motion, Plaintiff seeks entry of default judgment against "all unknown persons who claim any interest in" certain real property ("Unknown Persons") pursuant to Fed. R. Civ. P. 55(b)(2).[2] *Motion* [#29] at 1. The Court has reviewed the Motion, the entire case file, and the applicable law, and is fully advised in the premises. Accordingly, for the reasons set forth below, the Motion [#29] is **GRANTED**.

**I. Background**

---

[1] "[#29]" is an example of the convention the Court uses to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF). This convention is used throughout this Order.

[2] It appears to be immaterial whether these persons are listed as "Unknown Persons" or as "John Doe" defendants in the caption for purposes of this quiet title action. *See, e.g.*, *Bain v. U.S. Dep't of Treasury-I.R.S.*, No. 12-cv-02111-REB-KLM, 2013 WL 4729239 (D. Colo. June 10, 2013); *Barker v. Bd. of Cnty. Comm'rs of Cnty. of La Plata, Colo.*, 24 F. Supp. 2d 1120, 1124 (D. Colo. 1998).

On July 8, 2014, Plaintiff filed a quiet title action in state court which was removed to this Court by Defendant. *See Notice of Removal* [#1] at 1. The real property that is the subject of this action is located at 6452 East Mississippi Avenue, Denver, Colorado 80224 (the "Subject Property"). *Compl.* [#4] ¶ 6. Plaintiff and Defendant Countrywide Home Loans, Inc. agree that Plaintiff holds record title to the Subject Property. *See Joint Motion for Entry of Judgment* [#30] at 1.

## II. Analysis

Pursuant to Fed. R. Civ. P. 55(a), default may enter against a party who fails to appear or otherwise defend the case brought against it. However, even after an entry of default, the Court must decide "whether the unchallenged facts create a legitimate basis for the entry of a judgment." *See Greenwich Ins. Co. v. Daniel Law Firm*, No. 07-cv-2445-LTB-MJW, 2008 WL 793606, at *1 (D. Colo. Mar. 22, 2008) (citations omitted). "[A] party is not entitled to a default judgment as of right; rather the entry of a default judgment is entrusted to the 'sound judicial discretion' of the court." *Id.* at *2 (quoting *Cablevision of S. Conn., Ltd. P'ship v. Smith*, 141 F. Supp. 2d 277, 281 (D. Conn. 2001)).

Pursuant to Fed. R. Civ. P. 55(b), in considering the Motion, the decision to enter default judgment is "committed to the district court's sound discretion . . ." *Olcott v. Del. Flood Co.*, 327 F.3d 1115, 1124 (10th Cir. 2003) (quotation omitted). When exercising that discretion, the Court considers that "[s]trong policies favor resolution of disputes on their merits." *Ruplinger v. Rains*, 946 F.2d 731, 732 (10th Cir. 1991) (internal quotation and citation omitted). Further, "[t]he default judgment must normally be viewed as available only when the adversary process has been halted because of an essentially unresponsive party." *Id.* It serves to protect a plaintiff against "interminable delay and continued

uncertainty as to [her] rights." *Id.* at 733.

**A.     Jurisdiction**

In determining whether entry of default judgment is warranted here, the Court must first consider whether the Court has subject matter and personal jurisdiction. *Dennis Garberg & Assocs. v. Pack-Tech Int'l Corp.*, 115 F.3d 767, 772 (10th Cir. 1997)*; Williams v. Life Sav. & Loan*, 802 F.2d 1200, 1202-03 (10th Cir. 1986). The Court must do so in consideration of the well-established law that "a judgment is void if the court that enters it lacks jurisdiction over either the subject matter of the action or the parties to the action." *Williams*, 802 F.2d at 1203.

**1.     Subject Matter Jurisdiction**

Defendant removed this action to this Court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 based on diversity jurisdiction. *Am. Notice of Removal* [#12] at 1. Diversity jurisdiction is governed by 28 U.S.C. § 1332(a), which provides in pertinent part that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between . . . (1) citizens of different states; [or] (2) citizens of a State and citizens of a foreign state." 28 U.S.C. § 1332(a). The amount in controversy, i.e., the value of the real property, well over the $75,000 jurisdictional limit. *Compl.* [#4] ¶ 7; *Notice of Removal* [#12] ¶ 10 (citing *Baker v. Sears Holdings Corp.*, 557 F. Supp. 2d 1208, 1212 (D. Colo. 2007); quoting *Lovell v. State Farm Mut. Auto. Ins. Co.*, 466 F.3d 893, 897 (10th Cir. 2006)).

The Complaint alleges that Plaintiff is an individual residing in Denver, Colorado, and that Defendant Countrywide Home Loans, Inc. is a New York corporation. [#4] ¶¶ 1-2. The presence of "John Doe" defendants, or in this case "Unknown Persons," at the

commencement of an action is not an impediment to removal under the federal removal statutes. *McPhail v. Deere & Co.*, 529 F.3d 947, 951 (10th Cir. 2008) (citing 28 U.S.C. § 1441(a) ("[T]he citizenship of defendants sued under fictitious names shall be disregarded."); *Australian Gold, Inc. v. Hatfield*, 436 F.3d 1228, 1234-35 (10th Cir. 2006)). Thus, the diversity of citizenship between Plaintiff and Defendant Countrywide Home Loans, Inc. is sufficient to support the statutory diversity requirement.

The Court is unaware of any case addressing entry of default judgment against John Doe defendants in an action which is removed to federal court based on diversity jurisdiction. However, in *McPhail v. Deere & Co.*, the Tenth Circuit appears to imply that this is permissible. In *McPhail*, the plaintiff named three defendants as "John Does" in the original complaint. They were later identified as in-state distributors who, if added to the lawsuit, would have destroyed diversity jurisdiction over the case. 529 F.3d at 951. The Tenth Circuit held that, in the absence of a request to amend the complaint to replace John Doe defendants with the names of actual persons or entities, even when the identities of those persons and entities are known and adding them would destroy diversity jurisdiction, the district court retained jurisdiction over the entire action. *Id.* at 952. Here, the Unknown Persons have neither been identified with specificity nor added to this lawsuit by an amendment to the complaint. Under such circumstances, it appears that the Court retains full jurisdiction to adjudicate all aspects of this matter, including entering default judgment against any defendant.[3]

---

[3] In this case, because jurisdiction is based on diversity, the law of the forum state is applied. *McPhail*, 529 F.3d at 957. As discussed below, the law of the forum state, i.e., Colorado, permits entry of default judgment under the circumstances present in this matter.

Accordingly, the Court finds that the presence of Unknown Persons does not deprive it of diversity jurisdiction. Therefore, complete diversity and an adequate amount in controversy are present, and the Court may exercise subject matter jurisdiction over this dispute pursuant to 28 U.S.C. § 1332(a).

### 2. Personal Jurisdiction

Before analyzing personal jurisdiction, the Court must first address the adequacy of service of process. *See United States v. Elsberg*, No. 08-cv-00522-MSK-KLM, 2010 WL 5177439, at *2 (D. Colo. Aug. 17, 2010). In the Motion [#29], Plaintiff seeks entry of a default judgment against Unknown Persons. On July 21, 2014, Plaintiff's request for an order authorizing service by publication was granted. *Order* [#6] at 1. Plaintiff filed an Affidavit of Publication demonstrating that notice to Unknown Persons was published in the *Your Hub* for Denver Downtown/East (including the counties of Denver, Arapahoe, and Adams) on five non-consecutive days from August 7, 2014 to September 4, 2014. *See Aff. of Publication* [#29-1] at 2.

The Court is satisfied that notice by publication as conducted here is sufficient service in a proceeding to quiet title such as the case at hand. *See* Fed. R Civ. P. 4(e)(1), 4(h)(1)(A); Colo. R. Civ. P. 4(g). "An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950) (holding that notice by publication was constitutional as to trust accounts for which the names of all owners were not known). Of course, "process which is a mere gesture is not due process," but "where conditions do not

reasonably permit [personal] notice, [and] the form chosen is not substantially less likely to bring home notice than other of the feasible and customary substitutes," such notice may be defended because it is "reasonably certain to inform those affected . . ."  *Id.* at 315. Where as here, "it is not reasonably possible or practicable to give more adequate warning," because Plaintiff seeks to provide notice to "persons missing or unknown, employment of an indirect and even a probably futile means of notification is all that the situation permits and creates no constitutional bar to a final decree foreclosing their rights." *Id.* at 317 (citing *Cunnius v. Reading Sch. Dist.*, 198 U.S. 458 (1905); *Blinn v. Nelson*, 222 U.S. 1 (1911); *Jacob v. Roberts*, 223 U.S. 261 (1912)); *see also In re Read*, 221 F.3d 1352, at *2 (10th Cir. July 14, 2000) (unpublished table decision) (finding that notice by publication was constitutional with regard to default judgment entered against former husband in divorce proceeding requiring him to pay child support when whereabouts of husband where unknown).

Regarding personal jurisdiction, the movants "need only make a prima facie showing [of personal jurisdiction] if the motion [for default judgment] is decided only on the basis of the parties' affidavits and other written materials."  *Dennis Garberg & Assocs., Inc.*, 115 F.3d at 773.  As alleged in the pleadings, the Subject Property is located in Colorado and Plaintiff resides in Colorado.  *Compl.* [#1] ¶¶ 1, 6.  Service by publication was proper. Therefore, the Court is satisfied that it may exercise personal jurisdiction in this matter.

**B.     Entry of Default**

As a threshold issue, the Court examines whether default should be entered in this case against Unknown Persons.  *See* Fed. R. Civ. P. 55(a).  Plaintiff seeks a default judgment against Unknown Persons in order to extinguish any interest they may have in

the Subject Property in order to quiet title. *Motion* [#29] at 2. Service of process by publication upon Unknown Persons was completed on September 4, 2014. *See Aff. of Publication* [#29-1]; Fed. R Civ. P. 4(e)(1), 4(h)(1)(A); Colo. R. Civ. P. 4(g). No response from any Unknown Person was filed in this matter. Accordingly, the Court finds that default should be entered against Unknown Persons.

**C.    Default Judgment**

After confirming the propriety of entry of default, the Court must decide "whether the unchallenged facts create a legitimate basis for the entry of a judgment." *Greenwich Ins. Co.*, 2008 WL 793606 at *1 (citations omitted). "'[T]he default judgment must normally be viewed as available only when the adversary process has been halted because of an essentially unresponsive party. In that instance, the diligent party must be protected lest he be faced with interminable delay and continued uncertainty as to his rights. The default judgment remedy serves as such a protection.'" *In Re Rains*, 946 F.2d 731, 733-34 (10th Cir. 1991) (quoting *H.F. Livermore Corp. v. Aktiengesellschaft Gebruder Loepfe*, 432 F.2d 689, 691 (D.C. Cir.1970)).

"[A] party is not entitled to a default judgment as of right; rather the entry of default judgment is entrusted to the 'sound judicial discretion' of the court." *Greenwich Ins. Co.*, 2008 WL 793606 at *2 (quoting *Cablevision of S. Conn., Ltd. P'ship v. Smith*, 141 F. Supp. 2d 277, 281 (D. Conn. 2001)). Where the complaint states an adequate legal basis for relief against a party in default, default judgment is appropriate. *Id.* (citing *Weft, Inc. v. G.C. Inv. Assocs.*, 430 F. Supp. 1138, 1143 (E.D.N.C. 1986)).

Upon review of a motion for default judgment, assuming default was properly entered, the moving party enjoys the benefit of deferential pleading interpretation. The

Court deems the well-pled facts (as opposed to merely conclusory statements) of the Complaint in this matter to be true.  *Id.* at *1 (citing *Dundee Cement Co. v. Howard Pipe & Concrete Prods., Inc.*, 722 F.2d 1319, 1323 (7th Cir. 1983)).  The Court also accepts as undisputed any facts set forth by the moving party in affidavits and exhibits.  *Id.*

Here, Plaintiff seeks to quiet title to the Subject Property so Plaintiff and Defendant Countrywide Home Loans, Inc. can continue with this litigation without concern that a third party will later claim a right to the Subject Property after adjudication of the dispute between Plaintiff and Defendant Countrywide Home Loans, Inc.  In the more than seven months since notice was published, no party has come forward to claim an interest in the Subject Property.  In such a case, a default judgment against any such unknown person is appropriate.  *See, e.g., Barker v. Bd. of Cnty. Com'rs of Cnty. of La Plata, Colo.*, 24 F. Supp. 2d 1120, 1123 (D. Colo. 1998) (noting that the Court previously entered a default judgment against individuals and "all unknown persons who claim any interest in the subject matter of this action" declaring that they "have no right, title, or interest in the real property that is the subject of this quite title action.") (internal quotations omitted).  While the Court is mindful that "[t]he preferred disposition of any case is upon its merits and not by default judgment," *Gomes v. Williams*, 420 F.2d 1364, 1366 (10th Cir. 1970), here, no party has come forward in response to the published notice and the parties desire to resolve their dispute regarding the Subject Property.  Further, a "default judgment serves to protect a [party] against 'interminable delay and continued uncertainty as to [its] rights.'" *U.S. v. Gunnison Alpine Constractors, Inc.*, Civil Action No. 08-cv-02568-PAB-BNB, 2010 WL 965310, at *1 (D. Colo. Mar. 15, 2012) (quoting *Ruplinger v. Rains*, 946 F.2d 731, 732 (10th Cir. 1991)).  The Court finds that Plaintiff is entitled to such protection in this case.

Accordingly, the Court enters default judgment in favor of Plaintiff and against Unknown Persons. Upon entry of judgment, any and all interests Unknown Persons have in the Subject Property shall be extinguished.

### III.  Conclusion

For the foregoing reasons,

IT IS HEREBY **ORDERED** that the Motion [#29] is **GRANTED**.  Accordingly,

IT IS FURTHER **ORDERED** that the Clerk of Court shall enter default as to Unknown Persons.  Fed. R. Civ. P. 55(a).

IT IS FURTHER **ORDERED** that, after default is entered, default judgment shall be entered in favor of Plaintiff and against Unknown Persons.  Fed. R. Civ. P. 55(b)(2).  Upon entry of this judgment, any and all interests Unknown Persons have in the Subject Property shall be extinguished.

Dated:  April 23, 2015

BY THE COURT:

*Kristen L. Mix*

Kristen L. Mix
United States Magistrate Judge